UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

Bruce J. Trombley
and Ryan Sukaskas

    v.                                Civil No. 08-cv-456-JD

Bank of America Corporation

O R D E R

    Bruce J. Trombley and Ryan Sukaskas bring a putative class action on behalf of holders of credit cards issued by Bank of America Corporation who were charged late fees or charges despite making payments on or before the date the payments were due. Trombley and Sukaskas ask the court to designate interim class counsel pursuant to Federal Rule of Civil Procedure 23(g)(3). Bank of America Corporation ("BAC") objects to the motion.

    The court must appoint class counsel when a class is certified, but the court also may designate interim class counsel before certification. Fed. R. Civ. P. 23(g). Designation of interim counsel is appropriate when "overlapping, duplicative or competing suits" exist, when it is necessary to protect the interests of the putative class prior to certification, or when lawyers are competing for appointment or not cooperating in representing the putative class. See Manual for Complex Litigation, Fourth, § 21.11, at 246 (Federal Judicial Center

2004); see also Anderson v. Fiserv, Inc., 2010 WL 571812, at *2 (S.D.N.Y. Jan. 29, 2010); Lyons v. CoxCom, Inc., 2009 WL 6607949, at *1 (S.D. Cal. July 6, 2009). Courts use the same qualification criteria for designating interim counsel as are used for appointing class counsel. See, e.g., Thompson v. World Alliance Fin. Corp., 2010 WL 3394188, at *9, n.8 (E.D.N.Y. Aug. 20, 2010); Bettinelli v. Wells Fargo Home Mtg., Inc., 2010 WL 2998608, at *2 (D. Mass. July 23, 2010); Dorn v. Mueller, 2010 WL 2232418, at *1 (D. Colo. May 29, 2010).

In this case, Trombley and Sukaskas ask the court to designate four lawyers from three different law firms as interim class counsel. The proposed interim class counsel are Peter N. Wasylyk, Law Offices of Peter N. Wasylyk; David A. Searles and Michael D. Donovan, Donovan Searles, LLC; and Michael J. Quirk, Williams, Cuker & Berezofsky, LLC. Trombley and Sukaskas contend that proposed counsel meet the qualification criteria to represent the class.

In support of their motion, Trombley and Sukaskas assert that designation of interim counsel is necessary to prevent BAC from causing the class action to become moot by settling another class action that would result in a release of the claims asserted here or by making improper settlement offers to potential class members. They note that another class action

against BAC is proceeding in federal court in Florida, <u>DeLeon and Mendoza v. Bank of America, N.A.</u>, No. 09-1251 (M.D. Florida). Trombley and Sukaskas argue that if interim class counsel were designated, the court then could order BAC to report to class counsel about the <u>DeLeon</u> case which would allow counsel to protect the interests of the putative class from any negative effects caused by the <u>DeLeon</u> case. BAC objects to a designation of interim class counsel, arguing that the <u>DeLeon</u> case is not related to this case and that Trombley and Sukaskas have not shown that interim class counsel would be necessary.

In the <u>DeLeon</u> case, the plaintiffs brought separate putative class actions that were later consolidated. They alleged that they made payments on their BAC credit card balances in person at BAC branch locations, that the payments were not credited upon receipt, and that as a result they incurred late fees and charges. They each brought claims for breach of contract, violation of the Federal Fair Credit Billing Act, and deceptive and unfair trade practices. In response to BAC's motions to dismiss, the court dismissed the claims of violation of the Federal Fair Credit Billing Act and deceptive and unfair trade practices, leaving the breach of contract claims.

On June 8, 2010, the court granted the parties' joint motion to stay litigation in the case while the parties pursued

settlement through mediation.  The stay has been extended to December 15, 2010.

The single remaining claim in this case is that BAC violated the duty of good faith and fair dealing by failing to post the plaintiffs' payments on the day they were received, without imposing additional fees or charges.  Trombley attempted to pay his credit card balance in person at a BAC branch location, but it was not credited on receipt, and he incurred charges, like the plaintiffs in the DeLeon case.  Sukaskas attempted to pay his balance electronically, and his balance was not credited on the day it was paid, again resulting in charges.

Trombley and Sukaskas note that the DeLeon plaintiffs are challenging the same BAC practice that is at issue in this case. Therefore, they argue, a settlement or other actions in the DeLeon case could affect claims of putative class members in this case.  They contend that their counsel have a fiduciary duty to protect the interests of putative class members and can only act in that capacity if counsel are given an interim designation as class counsel.

Other than keeping informed about developments in the DeLeon case, the plaintiffs have not shown what their counsel would do as interim class counsel to protect the interests of putative class members.  Whether counsel is designated as interim class

4

counsel or not, presumably counsel can access the electronic docket in the Middle District of Florida and follow the litigation in the DeLeon case. Apparently, the mediation process in the DeLeon case is confidential, which likely would preclude counsel in this case from that information even if an interim counsel designation were approved. As BAC notes, Trombley and Sukaskas have not shown that a conflict presently exists between this case and the DeLeon case or that other circumstances are interfering with the representation of the plaintiffs in this case. See Carrier v. Am. Bankers Life Assur. Co. of Flor., 2006 WL 2990465, at *1 (D.N.H. Oct. 19, 2006).

## Conclusion

For the foregoing reasons, the plaintiff's motion for a designation of interim counsel (document no. 72) is denied without prejudice.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge
Sitting by designation.

December 1, 2010

cc: Peter N. Wasylyk, Esquire
    David A. Searles, Esquire
    Michael J. Quirk, Esquire
    David J. Fioccola, Esquire
    David Michael Marquez, Esquire
    Mark P. Ladner, Esquire
    Robert G. Flanders, Esquire

5