UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

Bruce Trombley and Ryan Sukaskas

    v.                            Civil No. 08-cv-456-JD

Bank of America Corporation

O R D E R

The plaintiffs, Bruce J. Trombley and Ryan Sukaskas, sued Bank of America Corporation ("BAC"), on their own behalf and on behalf of a putative class, challenging BAC's practices of imposing fees and penalties on credit card accounts. The parties reached a settlement, and the court granted, in part, the plaintiffs' unopposed motion for preliminary approval of the settlement agreement, limited to the long-form notice. The court directed the parties to file a motion with a supporting memorandum if they sought additional findings that were included in the proposed order but not in the motion. The parties have now filed a joint motion with a supporting memorandum for additional findings pertaining to preliminary approval of the settlement agreement.

A.  Short-Form Notice

In the previous order, the court approved the long-form notice proposed by the plaintiffs. The parties now ask for

approval of the proposed short-form notice as the best practicable notice.

Potential class members must receive notice of class certification. Fed. R. Civ. P. 23(c). In addition, the court must direct notice to all class members who would be bound by a settlement of the class action. Fed. R. Civ. P. 23(e). When a class is certified and the action is also settled at the same time, a single notice may be used to satisfy both Rule 23(c) and Rule 23(e)(1). See <u>Menkes v. Stolt-Nielsen S.A.</u>, (D. Conn. Sept. 20, 2010) (citing <u>Manual for Complex Litigation</u>, Fourth, § 21.311 (2004)).

Rule 23(c)(2)(B) provides the requirements for notice to a class that is certified under Rule 23(b)(3). The notice must be "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). Notice must "clearly and concisely state in plain, easily understood language:

    (I)   the nature of the action;
    (ii)  the definition of the class certified;
    (iii) the class claims, issues, or defenses;
    (iv)  that a class member may enter an appearance through an attorney if the member so desires;
    (v)   that the court will exclude from the class any member who requests exclusion;
    (vi)  the time and manner for requesting exclusion; and
    (vii) the binding effect of a class judgment on members.

Id. In addition, Rule 23(e)(1) requires the court to direct notice about the settlement to all class members who would be bound by it.

Section 5 of the Settlement Agreement provides for class notice by FIA Card Services, N.A. as the successor-in-interest to BAC. As provided, FIA will mail notice to members of the class who at the time of this order are holders or past holders of FIA credit cards for whom FIA has a mailing address or, alternatively, FIA may provide notice by email or other electronic means. Section 5 also provides that FIA may send the short-form notice instead of the long-form notice.

The short-form notice begins with a statement of eligibility for the settlement class that incorporates the class definition, briefly explains the settlement, and includes deadlines and dates for filing a claim, exclusion, objections, and the final hearing. At the end, the short-form notice states that recipients can obtain more information by going to a website or by calling a toll-free number. As such, the short-form notice does not include all of the information required by Rule 23(c)(2)(B) but provides ways for recipients to obtain that information.

In their motion, the parties argue that short-form notice satisfies Rule 23(c)(2)(B) when the required additional information is available through a website or by telephone. The

parties contend that the proposed short-form notice provides a more concise and easily understood notice than the long form and that using the short form will reduce administrative costs. They cite several cases where courts have approved short-form notices, including another class action against Bank of America. In re Checking Account Overdraft Litig., --- F.R.D. —, 2011 WL 2258458, *6 (S.D. Fla. May 24, 2011); see also In re AT&T Mobility Wireless Data Servs. Sales Tax Litig., --- F. Supp. 2d ---, 2011 WL 2204584, at * 35-*36 (N.D. Ill. June 2, 2011); Casey v. Coventry HealthCare of Kan., Inc., 2011 U.S.Dist. LEXIS 47663, at *6-*7 (W.D. Mo. May 4, 2011); Larson v. Sprint Nextel Corp., 2010 WL 234934, at *10 (D.N.J. Jan. 15, 2010).

In Larson, the court initially denied the motion for final approval because the proposed short-form notice did not include all of the information required by Rule 23(c)(2). Larson v. Sprint Nextel Corp., 2009 WL 1228443, at *9-*10 (D.N.J. Apr. 30, 2009). After the parties prepared and filed an amended notice plan, the court approved the notice based on a finding that the short-form notice, as amended, complied with the requirements of Rule 23(c)(2). Larson, 2010 WL 234934, at *10.

In Walter v. Hughes Commc'ns, Inc., 2011 WL 2650711, at *14 (N.D. Cal. July 6, 2011), the court denied a motion for preliminary approval of a class action settlement in part because

the proposed postcard notice was insufficient due to a lack of information about a potential award and other settlement information and the lack of a means to command recipients' attention.  In AT&T Mobility, the court held that a very abbreviated notice message which provided a website address and a toll-free telephone number where complete information was available was "more than sufficient."  2011 WL 2204584 at *35.

In this case, the proposed short-form notice gives more information than the proposal in Walter and appears likely to get the attention of potential class members.  The parties have agreed that FIA may provide the short-form notice which gives the website address and toll-free telephone number for more information.  The website will allow recipients to download the Settlement Agreement, the long-form class notice, and the claim form.

Section 5 of the Settlement Agreement, however, also requires that the short-form notice explain to recipients how they can obtain more information by mail.  The proposed short-form notice does not describe how recipients can obtain information by mail, as is required under the Settlement Agreement.  In the absence of mail instructions, the short-form notice does not conform to the parties' agreement.

The short-form notice would be sufficient if its recipients could then easily obtain the long-form notice, claim form, and other information. While that information will be readily available through the website, notice to those without access to the website is not sufficient. To fill that gap, the short-form should include instructions of how to obtain that information by mail, as is provided in Section 5(b) of the Settlement Agreement. Because the proposed short form lacks the mailing information, it is not sufficient as proposed.

The court previously granted preliminary approval based on the long-form notice. If the parties include instructions of how recipients can obtain the full notice and the claim form by mail as part of the short-form notice, the short-form notice would also be granted preliminary approval.

B. Claim Form

The parties ask the court to approve the proposed claim form. As proposed, the claim form provides a statement of the claim that conforms to the class definition and the notice, clearly asks for certain information, and provides a relatively simple means for proving a claim. See, e.g., Trombley v. Nat'l City Bank, 759 F. Supp. 2d 20, 28 (D.D.C. 2011) (giving preliminary approval to a claim form that was short, clear,

6

straightforward and required only basic information for an award); cf. Walter, 2011 WL 2650711, at *14 (denying approval of claim form with limitation not included in class notice and so vague and complex as to invite user error). The proposed claim form is preliminarily approved, subject to any objections or other challenges in the context of considering final approval.

C. Settlement Administrator

The parties agreed to have FIA retain Rust Consulting, Inc. as the Settlement Administrator. See Settlement Agreement, § 11. The parties ask the court to appoint Rust Consulting, Inc. as the Settlement Administrator as part of the preliminary approval process and to order FIA, through Rust Consulting, Inc., to provide an affidavit that notice was disseminated as provided in the Settlement Agreement or as required by the court.

At the preliminary approval stage, class counsel may need assistance from a data processing service to administer class notice and the settlement procedures. In re AT&T Mobility Wireless Data Servs. Sales Litig., 270 F.R.D. at 353. In all matters, preliminary approval is subject to change in the final order. The court grants preliminary approval to those parts of the Settlement Agreement that appoint Rust Consulting, Inc. to serve as Settlement Administrator and require FIA through Rust to

provide an affidavit that explains how notice was disseminated. The affidavit will be provided on or before Wednesday, November 23, 2011. As in all preliminary rulings, the appointment of Rust Consulting, Inc. as Settlement Administrator is subject to review for purposes of final approval. Id.

D. Settlement Costs

In the joint motion, the parties ask the court for permission to deduct "Settlement Costs" from the amount of the settlement and to file reports with the court to document the amounts deducted.[1] As the parties have agreed to the proposed method for deducting and reporting "Settlement Costs," the proposed method is preliminarily approved as follows: All Settlement Costs may be deducted from the Settlement Amount, provided that not less frequently than once each quarter, the Settlement Administrator in coordination with FIA shall file with the court a written report stating the nature, amount, and recipients of the Settlement Costs that have been expended, paid, or incurred, and also provided that preliminary approval is subject to challenge in the context of a motion for final approval.

---

[1]The parties do not define Settlement Costs.

E.  Other Requested Rulings

The parties ask the court to give preliminary approval to certain specific matters, based on particular sections of the Settlement Agreement, and ask the court to adopt the language they used in their proposed order.  The parties do not explain why separate preliminary approval is necessary for these matters.

At this stage, the court can only determine whether the proposed settlement appears to fall within the range of possible final approval.  See, e.g., Am. Int'l Group, Inc. v. ACE INA Holdings, Inc., 2011 WL 3290302, at *6 (N.D. Ill. July 26, 2011). For that reason, the parties' request for a ruling that the claims administration and distribution plan in the Settlement Agreement are fair and adequate is premature.  All findings and rulings for purposes of preliminary approval are contingent on the parties achieving successful final approval of the Settlement Agreement.

   1.   Schedule for Exclusions, Claims, Documents, and Fee Request

The parties ask the court to direct that exclusions, claims, documents, and fee requests be submitted by certain dates. Subject to subsequent modification as may be necessary, those potential class members who do not submit claim forms or file

9

objections have the right to be excluded from the Settlement Class by sending a written request for exclusion to the address listed in the Class Notice that is postmarked on or before Friday, October 28, 2011. Claim forms for payment under the settlement are to be submitted via the website or postmarked on or before Friday, December 23, 2011. Documents and materials in support of the request for final approval of the Settlement Agreement shall be filed on or before Wednesday, November 23, 2011.

Any motion by Class Counsel for fees, costs, expenses, and incentive awards to the named plaintiffs shall be filed on or before Friday, October 7, 2011.

2. <u>Settlement Termination</u>

The parties have agreed that BAC may terminate the Settlement Agreement if a certain percentage of the class chooses to be excluded from the settlement. The agreed percentage is confidential. Although the parties offer, in a footnote, to submit the confidential information to the court, under seal, they have not done so. Nevertheless, the parties ask the court to approve that part of their agreement.

10

The court cannot determine whether the confidential terms meet the standard for preliminary approval because they were not submitted to the court for review.

3. <u>Stay of Proceedings and Injunction Against Other Suits</u>

The parties ask the court to stay further proceedings in this action, except as is necessary to address the settlement, and to enjoin all "Class Members" who have not been excluded from the class from initiating or pursuing claims until a final approval order or termination of the Settlement Agreement.[2] Based on the parties' Settlement Agreement, proceedings in this case are stayed, except for those necessary to address the settlement, until a final order issues or the Settlement Agreement is terminated.

With respect to an injunction against "Class Members" to preclude them from initiating or pursuing claims against BAC in other cases, the parties provide no basis for such an order. In support, the parties state that if "any Defendant Releasee" were to assert a defense in another action based on the court's order granting preliminary approval of the Settlement Agreement, that

---

[2]Under the definitions in the Settlement Agreement, "Settlement Class Members" are all of those who meet the class definition and who were not excluded from the Settlement Class.

11

suit should be stayed immediately.  The parties also appear to intend to block a separate class action based on the same claims.

In the absence of any such suits and lacking proper support for an injunction, the parties have not provided a basis to enter the requested injunction, particularly at the preliminary approval stage.[3]  See Fed. R. Civ. P. 65; 28 U.S.C. § 1651; see, e.g., In re Life Investors Ins. Co. of Am., 589 F.3d 319, 328-32 (6th Cir. 2009); In re Am. Investors Life Ins. Co. Annuity Mktg. & Sales Practices Litig., 715 F. Supp. 2d 610, 614-16 (E.D. Pa. 2010) enforcing permanent injunction imposed as part of final approval at 263 F.R.D. 226, 250-51 (E.D. Pa. 2009)); Curtis-Bauer v. Morgan Stanley & Co., Inc., 2008 WL 4667090, at *11 (N.D. Cal. Oct. 22, 2008) (imposing permanent injunction as part of final approval order).  Although other suits were enjoined in In re Mut. Funds Inv. Litig. as part of a preliminary approval order, the cursory nature of the order does not provide the background or reasoning in support of the injunction ruling, which minimizes any persuasive value the case may have had here.  2010 WL 2044895, at *3 (D. Md. May 19, 2010).

---

[3]In their motion, the parties failed to cite authority to support their request for an injunction.

12

### 4. Objections to Settlement

The parties ask the court to approve certain procedures for submitting objections to the settlement. The proposed procedures require objectors to file before a deadline a written notice of objection which provides proof of membership in the Settlement Class, specific objections, and grounds including proof for the objections. A Class Member who does not provide written notice of an objection within the time allowed would not be permitted to appear at the final hearing and would be deemed to have waived any objection to the settlement. In addition, the parties propose that class or defense counsel will be entitled to depose the objector and to seek discovery related to the objection. The parties explain that the proposed objection procedures are intended to protect the interests of the class in an efficient and expeditious resolution of the case against nuisance objections.

Courts have recognized the problems caused by so-called professional objectors, who assert meritless objections in large class action settlement proceedings to extort fees or other payments. See, e.g., Vollmer v. Selden, 350 F.3d 656, 659-63 (7th Cir. 2003); Duhaime v. John Hancock Mut. Life Ins. Co., 183 F.3d 1, 6-7 (1st Cir. 1999); In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig., 2010 WL 5147222, at *4 (W.D.

Ky. Dec. 13, 2010); Dewey v. Volkswagen of Am., 728 F. Supp. 2d 546, 575 (D.N.J. 2010); In re Initial Public Offering Sec. Litig., 728 F. Supp. 2d 289, 295 (S.D.N.Y. 2010); In re United Health Group Inc. PSLRA Litig., 643 F. Supp. 2d 1107, 1109 (D. Minn. 2009). The requirement for written objections filed by a deadline appears to be a common part of the objection procedures used in other cases. See, e.g., Macedonia Church v. Lancaster Hotel, LP, 2011 WL 2360138, at *7 (D. Conn. June 9, 2011); In re Checking Account, 2011 WL 2258458, at *8-*9; Dalton v. Carworks Servicing, LLC, 2010 WL 5341939, at *9 (S.D. Ala. Nov. 19, 2010). The parties cite no case, however, in which a court has adopted all of the proposed objection procedures advocated here, which include waiver of a late-filed objection and the opportunity for discovery conducted by class or defense counsel.[4]

In this case, Settlement Class Members who choose to submit objections to notice, the Settlement Agreement, class certification, the application of Class Counsel for an award of fees and costs, the claims process, or any other part of the case that is subject to court approval must do so in writing on or

---

[4]Despite the potential problems caused by professional objectors, some courts have considered all submitted objections, even those that were not timely filed and those that were frivolous. See, e.g., Dewey, 728 F. Supp. 2d at 574-75; In re Compact Disc Minimum Advertised Price Antitrust Litig., 216 F.R.D. 197, 218 n.52 (D. Me. 2003).

before Friday, October 28, 2011.  The written notice of
objection, together with any supporting materials, must be filed
in this case either through electronic docketing or
conventionally with the Clerk of Court.  In addition, the written
objection must be served on Class Counsel and Defendant's Counsel
by first class mail postmarked on or before Friday, October 28,
2011.  To be considered, an objection must include documentary
proof that the objector is a member of the Settlement Class, a
statement of the specific objection or objections, and the
grounds for the objection or objections.

    5.   <u>Settlement Agreement Not an Admission</u>

The parties have agreed that their Settlement Agreement and
all negotiations, documents, and discussions associated with it
are not an admission or evidence of liability or wrongdoing by
BAC.  Therefore, the Settlement Agreement and its related
negotiations, documents, and discussions cannot be used against
BAC except for purposes of construing, implementing, or enforcing
the Settlement Agreement and the court's orders.

## <u>Conclusion</u>

For the foregoing reasons, the parties' joint motion to
incorporate additional rulings into the preliminary approval

order (document no. 98) is granted in part and denied in part. The court makes the following additional findings in support of preliminary approval of the Settlement Agreement and preliminary class certification:

1. All parts of the preliminary approval of the Settlement Agreement and preliminary settlement class certification in the order issued on July 27, 2011, and in this order are subject to review for purposes of a final order after notice to the settlement class, consideration of comments and objections if any, and a hearing to be held on **Thursday, December 8, 2011.**

2. The short-form notice is not preliminarily approved because it lacks mailing instructions.

3. The proposed claim form is preliminarily approved.

4. The parties' agreement that FIA will retain Rust Consulting, Inc. as Settlement Administrator is preliminarily approved. FIA through Rust will provide an affidavit **on or before Wednesday, November 23, 2011,** to class counsel and the court that explains how notice was disseminated.

5. All Settlement Costs may be deducted from the Settlement Amount, provided that not less frequently than once each quarter, the Settlement Administrator in coordination with FIA shall file with the court a written report stating the nature, amount, and recipients of the Settlement Costs that have been expended, paid,

or incurred, and also provided that preliminary approval is subject to challenge in the context of a motion for final approval.

5. Subject to subsequent modification as may be necessary, those potential class members who do not submit claim forms or file objections have the right to be excluded from the Settlement Class by sending a written request for exclusion to the address listed in the Class Notice that is postmarked on or before **Friday, October 28, 2011**.

6. Claim forms for payment under the settlement are to be submitted via the website or postmarked on or before **Friday, December 23, 2011**.

7. Documents and materials in support of the request for final approval of the Settlement Agreement shall be filed on or before **Wednesday, November 23, 2011**.

8. Any motion by Class Counsel for fees, costs, expenses, and incentive awards to the named plaintiffs shall be filed on or before **Friday, October 7, 2011**.

9. Based on the parties' Settlement Agreement, proceedings in this case are stayed, except for those necessary to address the settlement, until a final order issues or the Settlement Agreement is terminated.

10. Settlement Class Members who choose to submit objections to approval of the Settlement Agreement or any part of the Settlement Agreement or to the application of Class Counsel for an award of fees and costs must do so in writing on or before **Friday, October 28, 2011**. The written notice of objection, together with any supporting materials, must be filed in this case either through electronic docketing or conventionally with the Clerk of Court. In addition, the written objection must be served on Class Counsel and Defendant's Counsel by first class mail postmarked on or before **Friday, October 28, 2011.** To be considered, an objection must include documentary proof that the objector is a member of the Settlement Class, a statement of the specific objection or objections, and the grounds for the objection or objections.

10. The parties have agreed that their Settlement Agreement and all negotiations, documents, and discussions associated with it are not an admission or evidence of liability or wrongdoing by BAC. Therefore, the Settlement Agreement and its related

negotiations, documents, and discussions cannot be used against BAC except for purposes of construing, implementing, or enforcing the Settlement Agreement and the court's orders.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge
(Sitting by designation.)

August 23, 2011

cc: Michael D. Donovan, Esquire
 David J. Fioccola, Esquire
 Robert G. Flanders, Jr., Esquire
 Andrew S. Kierstead, Esquire
 Mark P. Ladner, Esquire
 Matthew H. Parker, Esquire
 Michael J. Quirk, Esquire
 Peter N. Wasylyk, Esquire